1821.

WOOLSEY
v.
LIVINGSTON.

---

WOOLSEY and others *against* LIVINGSTON and THOMPSON.

*L.* and *T.* as assignees of *B.*, filed a bill to foreclose a mortgage against *W.*, who put in his answer, and then filed a bill against *L.* and *T.* for relief against the mortgage, and also against a judgment and exe-cution. *W.* died before any decree to account in the suit to fore-close : *Held*, that the bill filed by *W.* partook of the nature of an original, as well as a cross bill, and that his legal representatives might file a bill of revivor against *L.* and *T.*, to which the defend-ants must answer.

BILL of revivor, filed *September* 1, 1820, by the plain-tiffs, as children and heirs at law of *Melancthon L. Woolsey*, deceased, and by the plaintiff *M. T. W.*, as administrator of the said *M. L. W.* It stated, that the ancestor filed his bill, on the 11th of *June*, 1819, against the defendants, as as-signees of *Matthew Van Benschoten*, deceased, and in which he stated, that on the 1st of *July*, 1800, he executed a bond to *M. V. B.*, conditioned for the payment of 500 dollars, with

*June 12th.*

interest, and also a mortgage to secure the same; that the bond and mortgage were assigned to *Gilbert Livingston*, (of whom the defendant *L.* was executor,) and to the defendant *T.*, and that he, the ancestor, on the 19th of *November*, 1801, executed his bond to *G. L.*, conditioned for the payment of 466 dollars; on which last bond, the defendant *L.*, as executor, entered a judgment in the Supreme Court, in 1809, and issued an execution, with directions to levy the penalty, with interest and costs, (1,105 dollars 14 cents.) That the defendants had filed their bill to foreclose the mortgage so assigned, as aforesaid; that *G. L.* had received divers sums towards payment of the two bonds, and that they were both satisfied. The bill concluded with a prayer to redeem the mortgage, and that the bond and mortgage given to *M. V. B.*, and so assigned, might be brought into this Court and cancelled, and that the sums paid might be accounted for, and the judgment cancelled, and the defendant *L.* restrained from proceeding on the judgment and execution aforesaid.

An injunction issued, as prayed for. The bill of revivor further stated, that *M. L. W.* afterwards died, whereby the suit abated, and that the plaintiffs were his legal representatives; and *prayed* that the bill might stand revived, and for process of subpœna, &c.

The bill of *M. L. W.* against the defendants, recited in the bill of revivor, was partly of the nature of a *cross bill*, as the defendants had, on the 11th of *November*, 1818, filed their bill to foreclose the mortgage so given to *M. V. B.*, and assigned to *G. L.* (of whom the defendant *L.* was executor,) and the defendant *T.*, and *M. L. W.* had put in his answer to that bill on the day that he filed his bill.

To this bill of revivor by the representatives of *Woolsey*, the defendants demurred, and assigned for cause, that if the bill of revivor be true, it does not contain ground for any decree or relief to the plaintiffs, because, as there was no decree for an account in the original suit, filed by the present defendants, the present plaintiffs are not entitled to revive.

*Foote*, for the plaintiffs, cited 2 *Maddock's Tr.* 401. 10 *Vesey*, 406. 1 *Har. Pr.* 128. 3 *Johns. Ch. Rep.* 60.

*S. Jones*, contra.

1821.

WOOLSEY
v
LIVINGSTON.

THE CHANCELLOR. The bill sought to be revived partook of the nature of an original, as well as of a cross bill, for it sought relief not only against the mortgage which the defendants were seeking to foreclose, but also against the judgment and execution obtained by one of the defendants, as executor of *G. L.*, deceased. There does not appear any good reason why the suit should not be revived. The present representatives of *Woolsey* are interested in the subject matter of the suit sought to be revived, and the question is only whether they may revive the suit, or be driven to a new bill. The latter remedy may be attended with inconveniences not now anticipated, and it would appear to be immaterial, in point of interest and convenience, to the present defendants, whether they are called to answer to this bill of revivor, or to the original bill.

Demurrer overruled, and defendants ordered to answer in six weeks.