## CORNELIUS BENSON *vs.* DENNIS WOLVERTON.

1. The rule, irrespective of the statute, is that where a sole plaintiff or defendant dies before decree, the suit cannot be revived at the instance of the defendant, or of his legal representative.

2. The statute has not altered the practice, except by providing a more expeditious mode of proceeding by *order*, instead of resorting to a bill of revivor.

3. No costs are given, either under the statute, or by practice irrespective of the statute, if the complainant, or his representative, elect not to proceed.

4. Where a sole plaintiff or defendant dies after the final argument, but before decree, the court may order the decree to be signed as of a date prior to the death of the party.

5. Where a sole plaintiff or defendant dies *after* decree, either party may revive the suit.

On motion by the defendant, for an order to revive suit on the death of a sole complainant. The bill had been dismissed.

*Titsworth,* for the motion.

*J. W. Taylor,* contra.

THE CHANCELLOR. By the provisions of the act to prevent the abatement of suits, *Nix. Dig.* 1, where a sole plaintiff or defendant dies before decree, the suit cannot be revived at the instance of the defendant, or of his legal representa-

tives. Where a sole plaintiff dies, his lawful representative, or any person interested by the death of such plaintiff, may cause himself to be made complainant in the suit. Where a sole defendant dies, the plaintiff may cause the legal representatives of such defendant, or any person who has become interested by his death, to be substituted as defendant, unless he signify his disclaimer to the matter in controversy. *Nix. Dig.* 3, § 6, 7.

And if the legal representative of the deceased plaintiff, or other person becoming interested by his death, will not cause himself to be made complainant in the room of the deceased plaintiff; or in case of the death of the defendant, if the plaintiff will not make the legal representative of the deceased defendant, or other person who may have become interested by his death, a party to the suit, and cause the suit to stand revived within such time as the court shall limit and appoint for that purpose, the suit shall be considered at an end, and shall not be revived in the manner provided by the act. *Nix. Dig.* 3, § 8.

In either event, the suit will not be revived at the instance of the defendant, or of his representatives. The rule is the same, irrespective of the statute. 2 *Daniell's Ch. Pr.* 954; 3 *Ibid.* 1700, 1701.

The statute has not altered the practice except by providing a more expeditious mode of proceeding, by substituting new parties and continuing the suit by order, instead of resorting to a bill of revivor. *Adamson* v. *Hall,* 1 *Turner & Russ.* 258; *Porter* v. *Cox,* 5 *Madd.* 80; 1 *Smith's Ch. Pr.* 514; 2 *Daniell's Ch. Pr.* 954; 3 *Ibid.* 1701.

Neither under the statute, nor by the practice irrespective of the statute, are costs given if the complainant, or his representative, elect not to proceed.

But where a complainant or defendant dies after the final argument, but before decree, the court may order the decree to be signed as of a date prior to the death of the party. 2 *Fowler's Excheq. Prac.* 169; *Davies* v. *Davies,* 9 *Vesey* 461; *Campbell* v. *Mesier,* 4 *Johns. Ch. R.* 342; *Vroom* v. *Ditmas,*

5 *Paige* 528; 2 *Daniell's Ch. Pr.* 1219, *and note* 1; 2 *Mad. Ch. Pr.* 529 (*ed.* 1822).

And although the rule is strict that before decree a suit cannot be revived at the instance of the defendant, it is otherwise after a decree; for the rights of the parties are then ascertained. Plaintiffs and defendants are equally entitled to the benefit of the decree, and either has a right to revive it. 3 *Daniell's Ch. Pr.* 1702; *Story's Eq. Pl.,* § 372; *Peer* v. *Cookerow,* 2 *Beas.* 136.

Whether a suit will be revived after a decree of dismissal, or for the mere purpose of recovering costs, it is unnecessary now to consider. No opinion is intended to be intimated upon the question whether this is a proper case for a revivor, even after decree. It is clear that it is not a case within the provisions of the statute, and if the suit be revived, it can only be by bill of revivor.