ELBERT L. BURNHAM and wife and others, *vs.* ROBERT DALLING.

1. It is within the power of a court of equity to consolidate actions, with or without the consent of the complainants.

2. The order for consolidation is not of right, but is matter of discretion, and upon such terms as the court may direct.

3. Where a guardian has failed to account as required by law, and sets up a prior account as a bar to accounting in this court, and a decree for an account is made, the complainant will be allowed costs up to the decree.

4. A party in interest having died since the argument, and before the signing of the decree, the decree and orders in the cause should be signed and filed as of the date of the argument.

5. An order for that purpose is necessary.

---

*Gilchrist*, for complainants, *ex parte*.

THE CHANCELLOR. Separate bills were filed by three children of William Bale, against the defendant as their guardian, for an account. A decree was ordered in each case that the defendant should account. The court is now asked

by the complainants to consolidate the suits. Our statute, which authorizes the consolidation of suits at law at the instance of the defendant, does not extend to suits in equity. *Nix. Dig.* 659, § 59.

Books of equity practice are silent on the subject. In *The Warden and Fellows of Manchester College* v. *Isherwood*, 2 *Simons* 476, sixteen bills had been filed for tithes, by the same plaintiffs against different defendants. The same defence having been set up in all the causes, a motion was made on the part of the defendants to consolidate the actions, or that one cause only might be prosecuted to a hearing, and the proceedings in the other causes stayed, the defendants undertaking to be bound by the decree in the first cause. The motion was denied, the Vice Chancellor saying that neither in the court of equity nor in the Court of Exchequer, had the practice prevailed of compelling the complainant to consolidate his different suits against several defendants. Similar decisions were made in the Court of Exchequer in the cases of *Forman* v. *Blake*, 7 *Price* 654, and *Foreman* v. *Southwood*, 8 *Price* 572. In the case of *Forman* v. *Blake*, Chief Baron Richards said : " I have never heard of an order, in the course of my experience, for consolidating causes in equity, nor can I conceive upon what principle it can be done."

This opinion is the more remarkable, as in the earlier case of *Keighley* v. *Brown*, 16 *Vesey* 344, a similar motion was made on the part of the defendants to consolidate several actions, and both Sir Samuel Romilly, by whom the motion was made, and the Chancellor (Lord Eldon) speak of the practice as a familiar one. The only question seems to have been whether it was a special application, or of course. And the next day the Lord Chancellor said he had consulted Baron Thompson of the Exchequer, who had no idea that the motion was of course, though sometimes made under special circumstances. The caution with which the Court of Chancery in England interferes with the conduct of a suit, will be found exemplified by the cases of *Cumming* v. *Slater*, 1 *Younge & Coll.* 484, and *Godfrey* v. *Maw, Ibid.* 485.

Burnham et ux. et al. *v.* Dalling.

Of the power of a court of equity to consolidate actions, with or without the consent of the complainant, I entertain no doubt. It seems to me to be a power over the conduct of suitors, resting upon the clearest principles, and absolutely essential to prevent scandalous abuses, and to protect defendants against gross oppression. At common law, the consolidation of suits is a recognized and familiar exercise of power. Our statute confers no new authority, but is merely declaratory of what the common law is. The common law will not endure a multiplicity of suits growing out of the same title, where the defence in all is the same. 2 *Sell. Pr.* 143; 2 *Archb. Pr.* 180.

In *Cecil* v. *Brigges,* 2 *T. R.* 639, where both of the causes of action might have been comprised in one, the order was made with costs.

The order for consolidation is not of right, but is matter of discretion, and upon such terms as the court may direct. *Den* v. *Kimble,* 4 *Halst. R.* 337; *Worley* v. *Glentworth,* 5 *Halst. R.* 241.

The same reason exists for the consolidation of suits in equity as at law, though from the nature of the proceeding, more caution may be required in the exercise of the power by this court.

In *The Executors of Conover* v. *Conover, Saxton* 412, though no formal application was made for consolidation, Chancellor Vroom recommended it as a measure that would save costs and delay. In that case, the bills were filed by the executors of two different estates. The complainants, in the opinion of the Chancellor, were not only at liberty to proceed as they did, by separate suits, but prudent and correct in doing so; yet, after a decree for account, he declared his conviction that great benefit would result from consolidating them, so that one investigation and report of the master, and one decree might settle both. In that case, as in this, as the suit was in reality by different *complainants,* there might have been serious objections to consolidating without consent. As a written consent to the order for con-

solidation is· filed in this case, there can be no difficulty on that point.

It is worthy of notice that the mode of consolidation at law, is not by uniting the several actions in one entire record. 2 *Archb. Prac.* 180; *Den* v. *Kimble,* 4 *Halst. R.* 337; *Clason* v. *Church,* 1 *Johns. Cas.* 29.

The order for consolidation does not necessarily imply that.

The complainants are entitled to costs up to the decree for an account. The defendant failed to account as required by law. He set up by way of bar to accounting in this court, an account exhibited in 1853, and failed in his defence. The practice is, in similar cases, to allow the complainants costs up to the decree. *Anon.* 4 *Mad. R.* 273; *Beames' Costs in Eq.* 12; 3 *Daniell's Ch. Pr.* 1550; *Seaton on Decrees,* 44, 49, 206.

The wife of one of the complainants, who is a party in interest, died since the argument and before the signing of the decree. The decree and orders in the cause should be signed and filed as of the date of the argument. *Campbell* v. *Mesier,* 4 *Johns. Ch. R.* 334; *Vroom* v. *Ditmas,* 5 *Paige* 528.

An order for that purpose is necessary. 2 *Daniell's Chan. Pr.* 1219; *Seaton on Decrees,* 393, 394.