DAVID M. DEMAREST and NICHOLAS H. JEROLEMAN *vs.* DAVID M. BERRY and others.

1. If a mortgagee in possession, permits the mortgagor to take the profits of the mortgaged premises, the mortgagee will be charged, in favor of subsequent encumbrancers, with all the profits he might have received. So, if the mortgagee refuses to enter, but suffers the mortgagor to take the profits and to protect his possession by means of the mortgage.

2. The principle upon which the court acts is, that if the mortgagee be in possession, or act *mala fide* in regard to subsequent encumbrancers, he will be charged not only with all profits received, but with all which, without fraud or wilful default, he might have received from the mortgaged premises.

3. Where the mortgagee is not in actual possession by himself or his tenant, and has received no part of the profits, nor used his mortgage to interfere with the claims of subsequent encumbrancers, or to protect the possession of the mortgagor, he is not chargeable with any part of the profits.

4. A suit for foreclosure upon each of two mortgages covering the same premises, both of which were in the hands of the complainant when the first bill was filed, is unnecessary and oppressive, and costs will be allowed but in one suit.

5. But where the second bill was rendered necessary by the fact (discovered after the filing of the first) that the mortgage, upon which the first

bill was filed, covered a part only of the premises included in the other mortgage, proceedings in the first suit will be stayed, and the second suit alone proceed to decree.

*Ogden,* for complainants.

*Cutler,* for defendants.

THE CHANCELLOR. It was admitted upon the argument, that there is an entire failure of evidence to support the allegation of the answer, that one of the complainants' mortgages is without consideration and invalid, as against a subsequent judgment creditor. It is also admitted that the objection to the bill for want of proper parties, is not well founded. The only remaining objection relates to the mode of taking the account.

The first mortgage upon the premises was given to the Mutual Benefit Life Insurance Company; the second, to the complainants. Both mortgages were due, prior to June, 1862. In August, 1862, the personal property of the mortgagor was sold under executions at law, and purchased almost exclusively by or in behalf of Demarest, one of the complainants. On the twenty-sixth of January, 1863, the mortgaged premises were also sold under executions at law, and purchased by A. W. Cutler, one of the judgment creditors. Berry, the mortgagor, continued to occupy the mortgaged premises, and to use and enjoy thereon, the personal property bought by Demarest, from August, 1862, till June, 1863, when the personal property was sold at auction, and the mortgagor removed from the premises. The judgment creditor now insists that the complainants, as mortgagees in possession, are chargeable with the rent of the premises from August, 1862, or from January, 1863, when the judgment creditor acquired title to the land.

If a mortgagee in possession permits the mortgagor to take the profits of the mortgaged premises, the mortgagee will be charged in favor of subsequent encumbrancers, with

all the profits he might have received. *Coppring* v. *Cooke,* 1 *Vern.* 270; *Bentham* v. *Haincourt, Prec. in Chan.* 30.

So if the mortgagee refuses to enter, but suffers the mortgagor to take the profits, and to protect his possession by means of the mortgage. *Chapman* v. *Tanner,* 1 *Vern.* 267; *Dux Bucks* v. *Gayer, Ibid.* 257.

The principle upon which the court acts is, that if the mortgagee be in possession, or act *mala fide* in regard to subsequent encumbrancers, he will be charged not only with all profits received, but with all which, without fraud or wilful default, he might have received from the mortgaged premises. *Loftus* v. *Swift,* 2 *Sch. & Lef.* 655; *Harvey* v. *Tebbutt, Jacob & W. R.* 203; *Berney* v. *Sewell, Ibid.* 630; *Coote on Mortgages* 557; 1 *Powell on Mortgages (by Coventry)* 291, *note D;* 3 *Ibid.* 949, 953.

The mortgagee was not in the actual possession of the premises. He received no rents or profits therefrom. The mortgagor remained in the actual possession and enjoyment of the premises, until June, 1863. The facts relied upon to charge the mortgagee with the profits, are, that he permitted the mortgagor to remain in possession, using the personal property of the mortgagee, and to carry on the business of making cider and distilling spirits, with the assistance of the mortgagee, and to some extent in his name. The evidence does not show that the mortgagor acted as the agent or tenant of the mortgagee, or that he in any way attorned to him, or recognized his right to the possession of the premises. Nor was the mortgage used to protect the possession of the mortgagor, or to obstruct a recovery by the judgment creditor. Mere laches in the enforcement of his demand, is no ground to deprive the mortgagee of his interest.

The conduct of the mortgagee is reconcilable with good faith. It was confined within the limits of his legal right, and may have been prompted by a desire to relieve the necessities of the mortgagor. Putting upon it the most unfavorable construction, its wrong consisted in protecting the personal property of the mortgagor from levy and sale for

the satisfaction of the claims of judgment creditors. In *Charles* v. *Dunbar*, 4 *Metc.* 498, it was held that where a formal entry by the mortgagee, was to aid the mortgagor in protecting the produce of the farm from attachment by other creditors, it did not affect the question of the mortgagee's liability for profits. The mortgagee not being in actual possession by himself, or his tenant, having received no part of the profits, and not having used his mortgage to interfere with the claim of subsequent encumbrancers, or to protect the possession of the mortgagor, is not chargeable with any part of the profits. The account will be stated accordingly.

The complainants have filed two bills of foreclosure upon two mortgages, both of which were in their hands when the first bill was filed. If both mortgages cover the same premises, two suits were unnecessary and oppressive, and the complainants will be allowed costs but in one suit. It is understood that the filing of the second bill was rendered necessary, by the fact that the mortgage upon which the first bill was filed, covered a part only of the premises included in the other mortgage; a circumstance which escaped attention at the time of filing the first bill. If this be so, proceedings in the first suit should be stayed, and the second suit alone proceed to decree. The question of costs will be reserved.

There must be an order of reference, to ascertain the amount due upon the complainants' mortgages.