Molineaux *v.* Raynolds.

---

### EDWARD L. MOLINEAUX

*v.*

### CHARLES T. RAYNOLDS et al.

1. Where a defendant in partition dies after the trial and argument of the cause, a decree may be entered *nunc pro tunc*, and any conflicting claims to the share of the deceased defendant in the proceeds of the property may be settled on a petition for distribution, or the claimants may be brought in by a petition to revive, and their rights may be set up by answers to the bill and determined before decree.

2. Under the provisions of the statute of wills (*Rev. p. 1248*), by which a will operates on real as well as personal estate acquired by the testator after its execution, a devise which lapses by the death of the devisee before that of the testator follows the common-law rule as to lapsed legacies, and passes under the residuary clause of the will, unless a contrary intention is manifested on its face.

3. Under the general rule that a residuary clause in a will carries the entire residuary estate, unless manifestly limited to a particular part, the fact that a will first disposed of the testator's interest in the property of a partnership. and gave his wife all the residue of his property, does not exclude the wife from taking a lapsed devise of a part of the partnership property.

Molineaux *v.* Raynolds.

*Messrs. A. Q. Keasbey & Sons,* for the complainant.

*Messrs. Copeland & Luce,* for Edward H., William W. and Adelaide A. Raynolds.

*Mr. Henry M. Kehoe,* for Mary S. and Mattie C Raynolds.

REED, V. C.

The original defendants in this suit were Thomas B. Hidden and Charles T. Raynolds. Since the closing of the testimony in the case Charles T. Raynolds has died, and a petition to revive the suit has been filed, and an order to revive made on June 27th last.

The petition to revive the suit set out the names of the persons to whom any interest in the property of the deceased defendant had passed. Some of these defendants have filed answers, apparently not to the bill, in the suit, but to the petition to revive, setting out their respective claims in regard to the extent of their interest in the said property. These claims are in one regard conflicting, and it is desired that they shall be settled before final decree for the sale and distribution of the property shall be made. The answers should have been to the bill. But as in partition proceedings, the defendants are required to set out their own interests, and can between each other contest conflicting claims, the answers can be considered as regularly filed for that purpose.

I may remark also that if the argument of the case can be said to have occurred at the conclusion of the taking of the testimony, then as the death of Mr. Raynolds occurred thereafter, a decree in the case can be made *nunc pro tunc,* for the rule is that, when the suit abates by the death of a party after argument, such a decree may be pronounced. *Davis* v. *Davis, 9 Ves. 461; Campbell* v. *Mesier, 4 Johns. Ch. 432.* The rights of a claimant of Raynolds' share in the proceedings of the sale would then have to be settled upon petition to distribute Raynolds' share.

The argument, however, was by briefs, which I think were

not completed and delivered until after the death of Raynolds. However, as this practice is optional it will be as well to have the rights of the parties settled now, and, as I have remarked, the record can be regarded as presenting the points of difference between the several claimants to Raynolds' share.

Charles T. Raynolds died, leaving a will by which he left of this property thirty-six hundredths to his son Edward H., thirty-two hundredths to his son Charles T., and thirty-two hundredths to Edward H., as trustee for his son William W. His son Charles T. died before his father, and the question is whether his share passed to Mrs. Adelaide Raynolds under the residuary clause of the will, or whether it was undisposed of by the will, and so passed to the two sons as heirs-at-law of their father.

The two sons, in their own right, make no claim to any interest in their deceased brother's share, but the wives of the two sons claim an inchoate right of dower in the same, grounded upon what they claim to be the legal estate of their respective husbands as heirs-at-law. Mary S. is the wife of Edward H., and Mattie C. is the wife of William W. Raynolds. At common law, whenever a devise lapsed by the death of the devisee, before the death of the testator, the property passed to the heirs-at-law, while lapsed legacies, instead of passing to the next of kin, fell in the residuum, and so passed, under a will, to the residuary legatees. This distinction between the course taken, under the same condition of affairs, by lapsed devises and lapsed legacies, seems to have sprung from the fact that no real estate acquired by the testator, after the execution of his will, passed under the residuary clause, while such a clause included all personal property owned by the testator at the time of his death not otherwise given, no matter when acquired.

Now, by our statute of wills, these instruments become operative upon real property acquired after, as well as before, the date of the execution of the will. *Rev. p. 1248.* By this act devises and legacies are put upon the same footing, and it would seem that inasmuch as the residuary clause carries all the personalty left undisposed of by other parts of the will, the same should naturally be its effect in regard to realty. Similar statutes in

other states have been judicially declared to extinguish all difference between lapsed legacies and lapsed devises, in this particular, and that both pass into the residuum in default of a contrary intention manifested on the face of the will.

This is the law of this state. In *Executors of Shreve* v. *Shreve, 2 Stock. 385,* Chancellor Williamson suggests the query whether the statute did not abolish the distinction between real and personal property in the particular mentioned; and in *Smith* v. *Curtis, 5 Dutch. 345,* it was expressly held by the supreme court that the rule upon which the distinction between lapsed legacies and lapsed devises had arisen should not be kept up, as the reason upon which the rule rested had been removed. It was held, in that case, that a lapsed devise passed into the residuum.

Under the doctrine laid down in this case, the share of Charles T. passed to Mrs. Adelaide Raynolds under the residuary clause of the will.

Nor is there anything in the will itself which excludes this lapsed devise from becoming a part of the residuum. The argument that a contrary intention is manifested on the face of the will, is grounded upon the fact that the will disposes in the first place of the entire interest of the testator in the partnership assets of the firm of C. T. Raynolds & Company, and that it then gives all the residue of the testator's property to his wife. From this it is contended that an intention was manifested not to include any portion of the partnership assets in the residue.

This contention, in my judgment, is untenable. The residuary clause is general, and the rule is that such a provision carries everything, unless the gift of the residue is manifestly limited to a particular portion of the estate. *Floyd* v. *Carow, 88 N. Y. 560; Lamb* v. *Lamb, 131 N. Y. 227.*

Mr. Justice Dalrimple, speaking for the court of errors, in the case of *Tindall's Executors* v. *Tindall, 9 C. E. Gr. 512,* said: " The rule applicable to the question to be solved, as stated in the text-books as well as in many adjudged cases, is that the residuary legatee is entitled as well to a residue caused by a lapsed legacy, or an invalid or illegal disposition, as to what remains after payment of debts and legacies. The only excep-

tion to the rule is, that where the words used show an intention on the part of the testator to exclude from the operation of the residuary clause certain portions of the estate, such intention, as gathered from the whole will, must not be defeated. Or the rule, embracing the exception, as stated in some of the books, is that the residuary legatee must be a legatee of the residue generally and not partially so only."

The justice further illustrates the rule by citing, with approval, the remarks of Vice-Chancellor Wood in the case of *Bernard* v. *Minshull, Johns. (Eng. Ch.) 276, 299:* "All you have to consider is whether the property is excepted in order to take it away under all circumstances and for all purposes from the person to whom the rest of the property is given, or whether it is excepted merely for the purpose of giving it to some one else. If the latter and the gift to somebody else fails, the donees of all except this property are entitled to take the whole."

Now, in this case, it is perceived that the lapsed devise is excepted merely for the purpose of giving it to the deceased child. Under the rule announced by Vice-Chancellor Wood the donee of all except this property is entitled to take the whole.

Among the other cases cited in *Tindall's Executors* v. *Tindall, supra,* is that of *Roberts* v. *Cooke, 16 Ves. 451,* in which it was held that a general disposition of personal estate not therein before specifically disposed of comprehended specific legacies lapsed, the word "specifically" being held to mean "particularly."

. Quite as strong, in the same direction, is the case of *King* v. *Woodhull, 3 Edw. Ch. 79, 84,* and *Shanley* v. *Baker, 4 Ves. 732.*

My conclusion is, that the share of Charles T. Raynolds fell into the residue and was devised to Adelaide A. Raynolds.