The complainants have filed two bills of foreclosure in the above-stated causes, and argue that they do not come under the doctrine of Mutual Securities Corp. v. Gilbert T. HarrisCorp., 5 N.J. Adv. R. 11. I disagree. The argument is that these two cases at bar are those of two different mortgages made at different times, by different parties, covering different properties; that the defendants are the same with one exception, that in the one case there is a second mortgage covering only one of the properties; that the causes of action should have a common question of law or fact and *Page 28 
arise out of the same transaction or series of transactions for the bringing of one suit; that these two suits do not arise out of the same transaction, and that the parties are not the same, there being a party in the first suit who is not a party to the second one and has no interest in it.
That these cases do not arise out of the same transaction, and that one of the parties has no interest in the other, is true, but not controlling.
In the Mutual Securities Case the doctrine that in a suit where the parties are not the same, in virtue of certain rules of court one bill to foreclose several mortgages might lie, was stated in the alternative. Quite irrespective of the rules of court therein mentioned, the general principle is, that several mortgages should be foreclosed in one and the same suit where the parties are the same, even if they arose out of different transactions.
Now, cases are decided with reference to their own particular merits, and in the Mutual Securities Case the parties were the same. But that is not an absolute and infallible criterion. It is clear that if one has a subsequent mortgage on a second tract, the complainant's mortgage being on two, that second mortgagee is not only a proper, but a necessary party to the suit to foreclose the first mortgage (if complainant would cut him out, and thus forestall a suit for strict foreclosure or to redeem), and of course he can defend only as to one tract. That point has been decided in this state.
Chancellor Green, in Demarest v. Berry, 16 N.J. Eq. 481 (atp. 484), said: "The complainants have filed two bills of foreclosure upon two mortgages, both of which were in their hands when the first bill was filed. If both motrgages cover the same premises, two suits were unnecessary and oppressive, and the complainants will be allowed costs but in one suit. It is understood that the filing of the second bill was rendered necessary by the fact that the mortgage upon which the first bill was filed, covered a part only of the premises included in the other mortgage; a circumstance which escaped attention at the time of filing the first bill. If this be so, proceedings in the first suit should be stayed, and the *Page 29 
second suit alone proceed to decree. The question of costs will be reserved."
Here is a decision to the effect that one bill only should be filed to foreclose two mortgages, even if the second mortgage is upon a part only of the mortgaged premises.
In the Mutual Securties Case I referred to the fact then and there present, that the two different mortgaged premises lay in the county of Atlantic and that one execution only should issue. That would be to the sheriff of Atlantic county. But if the property lay in different counties it would be the same. The court of chancery is a court of state-wide jurisdiction and can include in its decree an adjudication for sale of land in Atlantic and in Mercer, at one and the same time. Only in such a case, for convenience sake, a decree would not award two executions, one to Atlantic and one to Mercer, but the decree would send the writ to a master, whose jurisdiction would enable him to sell in both counties. In re Rhodes, 5 N.J. Adv. R. 410,412.
One test is this: If a man were given one mortgage on three tracts, and afterwards when he came to foreclose it, he found a second mortgage on one tract and a mechanics' lien against a building erected on a curtilage of the other tract, only one bill to foreclose would be allowable, and the second mortgage and lien claimant would be parties to that suit, with interest in the tracts in which they alone were concerned. How could it be otherwise? The complainant could not divide his mortgage up and say that such and such an amount was a lien on one tract and foreclose as to that, and so on, so as to make the subsequent encumbrancers parties only as to the lien in which they had on interest. Such a thing would be intolerable and unallowable. The various interests would be taken care of in the master's report and in the final decree. Besides the rules of court referred to in the Mutual Securities Case, rule 6 provides that any person may be made defendant who either jointly, severally or in the alternative is alleged to have or claim an interest in the controversy, or any part thereof; and rule 10, that persons may be joined as defendants although a right to relief *Page 30 
against one may be inconsistent with the right to relief against the other; rule 15 authorizes the court to make a final decree against one or more of several parties, complainant or defendant, and for or against one or more of several defendants, according to their rights and liabilities; and where several issues are involved in a single cause, decrees may be made as to one or more of such issues separately; and rule 14 provides that all these remedies shall in nowise abridge rights or liabilities heretofore existing. However, resort to these rules in the two causes before me does not have to be made. There should have been but one bill under the old practice.
Order for consolidation accordingly.