Three bills have been filed by different complainants against The Studebaker Corporation, each alleging the insolvency of defendant and praying that an injunction issue pursuant to section 65 of the Corporation act (Comp. Stat. p. 1640), and that a receiver be appointed for the creditors and stockholders of the corporation. The three suits were brought on for hearing together. Counsel for the several complainants relied each on the affidavits supporting all three bills, and defendant presented one set of affidavits answering *Page 592 
all the bills. Counsel for one of the complainants moved that the three suits be consolidated, and to that motion no objection was made.
A bill for the appointment of a statutory receiver is a class bill, for the benefit of all stockholders and creditors. Ordinarily, when several such bills are presented against the same corporation, the first will be retained and the others, since they perform no useful function, will be dismissed.Scranton Button Co. v. Neonlite Corp., 105 N.J. Eq. 708. But when the status of the complainant in one of the suits is challenged, or his proofs are insufficient, there is no reason why the deficiency should not be made good from the record in the other suits, provided, of course, defense on the merits is not prejudiced. The practice of consolidating several suits brought by the same complainant against the same defendant is well established. Mutual Securities Corp. v. Gilbert T. HarrisCorp., 100 N.J. Eq. 365. And causes may be consolidated though the defendants named in the bills are not the same. UnitedHebrew Charities, c., v. Levy, 101 N.J. Eq. 27. Or when the complainants are different. Burnham v. Dalling, 16 N.J. Eq. 310.
Here a complication may arise to make consolidation unwise, for complainants may each insist upon being represented by his own solicitor and they may be unable to agree upon a common policy in the prosecution of the cause. The actual difficulties arising from the consolidation of bills for the appointment of a statutory receiver are apt to be slight, since the suit is brought to a summary hearing, and if a receiver is appointed, the complainants immediately lose all control of the proceeding. In the present instance, no one objects, so an order will be made consolidating the three suits under the title and docket number of the bill first filed.
Defendant challenges the standing of complainants. Complainants own one hundred and ten shares of the no-par common stock of the defendant out of a total issue of two million four hundred and sixty-three thousand and thirteen shares, or less than one two-hundredths of one per cent. Their interest has a present value of about $200. The jurisdiction *Page 593 
of chancery over a suit of this character is purely statutory. The statute, as amended in 1931, authorizes the suit to be brought by "any creditor or stockholder or stockholders, provided such stockholder or stockholders own at least ten per centum of the capital stock of such corporation." P.L. 1931 p. 545.
Complainants as stockholders cannot maintain the bill since they own less than ten per cent. of defendant's stock.
One complainant, the receiver of Broadney Corporation, an insolvent corporation, alleges that defendant is indebted to him as receiver in the sum of $27,000. Defendant denies that it owes him anything. The mere denial of the debt does not oust the court of jurisdiction. The court must consider the proofs and if it appears clearly that the debt exists, the denial will be disregarded. Walser v. Northern Valley Building Corp.,147 Atl. Rep. 494. The salient facts are these: Ira C. Jones, the principal stockholder of Broadney Corporation, owed to the Studebaker Sales Corporation, a subsidiary of defendant, a large sum of money. Broadney Corporation paid to the Sales Corporation on account of that debt $27,000. Payment was effected by several checks, each signed by two officers of the Broadney Corporation. The treasurer of the Sales Corporation makes affidavit that he made inquiry of the vice-president of the Broadney Corporation — this was not Jones — and was informed that these checks were properly drawn by the Broadney Corporation to the order of the Sales Corporation; that they were charged to the account of Jones on the books of the former; that against such charges were credited salary and dividends due Jones from the Broadney Corporation. This is not denied. Thus far defendant does not appear in the transaction, but it seems that the Sales Corporation was always indebted to defendant on joint dealings between them and that it was the custom of the Sales Corporation to endorse by rubber stamp to the order of defendant all checks received by it at its main business office. This course was pursued in the present instance. All the checks of the Broadney Corporation to the Sales Corporation were endorsed to defendant and *Page 594 
deposited to its credit in reduction of the debt of the Sales Corporation. Complainants, relying on Robbins v. PassaicNational Bank and Trust Co., 109 N.J. Law 250, say that these facts raised an implied promise by defendant to repay to the Broadney Corporation or its receiver $27,000. I think not. I am inclined to believe that the receiver of the Broadney Corporation is not a creditor of defendant. Certainly his claim is so doubtful that it should first be established by a judgment at law.
Lastly, one of the complainants owns an unsecured note of defendant for $1,000, out of a total of $14,269,200 outstanding. This note has a market value of about $225. The rights of complainant and other noteholders are restricted by a trust indenture made between the company and the Guarantee Trust Company as trustee, whereby it is stipulated that no noteholder "shall have any right to institute any suit, action or proceeding in equity or at law for the execution of any trust hereunder or for the appointment of a receiver or for any other remedy hereunder" unless notice shall have been given to the trustees,c. The appointment of a receiver mentioned in the clause quoted means the appointment of a receiver under the indenture, and not a receiver pursuant to the New Jersey Corporation act. The stipulation does not preclude the noteholder from maintaining this action. Reinhardt v. Inter-State Telephone Co., 71 N.J. Eq. 70; Tachna v. Pressed Steel Car Co., 112 N.J. Eq. 174. The decree in the last case was reversed by the court of errors and appeals (112 N.J. Eq. 411), but that court expressed no opinion on this part of the decision of chancery.
In that same case, Mr. Justice Bodine, for the appellate court, said: "A creditor with a relatively trifling claim should never be afforded a remedy so drastic (appointment of a receiver) unless necessary for the preservation of the rights of creditors and stockholders in general." And again: "No doubt the matter can be adjusted, but if it cannot, the complaint upon which the court of chancery may exercise its discretion (to make the appointment) must come from those *Page 595 
substantially interested as creditors or stockholders in the corporation * * *." The complainants in that case held notes of a par value of $7,000 out of a total issue in the hands of the public of $3,332,000, a much greater proportionate interest than that of the complainant noteholder in the present case. The statute clearly gives to any creditor the right to maintain the suit. I do not understand the court of errors and appeals to hold that in no case should a receiver be appointed on the application of a small creditor, but rather that the court of chancery, when complainant's interest is trifling, should, before appointing a receiver, make doubly sure that such action will forward the interests of creditors in general.
Defendant is a corporation of New Jersey engaged in the manufacture of automobiles, with its principal factory and business office in Indiana. It is without cash and cannot meet its obligations now matured and about to mature in the near future. Its assets, though of great value and greatly exceeding its liabilities, cannot be realized upon at the present time at near their fair worth. In this situation, a creditor of defendant, acting doubtless at the request of defendant, filed in the United States district court for the northern district of Indiana, a bill for the appointment of custodial receivers. Defendant immediately answered, admitting the allegations of the bill and consenting to the relief prayed. The court appointed three receivers, all of them directors and members of the executive committee of defendant. Since then, the same three have been appointed ancillary receivers by federal courts in almost all the districts in which defendant owns property. The decrees of the federal courts enjoin the prosecution of suits against the defendant and effectively place its assets under judicial protection. Counsel for complainants point out that the receivers appointed by the federal court are some of the men who have managed defendant while it has come to its present plight; that they cannot be expected critically to scan the actions of the directors, themselves included, and to take any action against directors or officers which such an examination *Page 596 
might suggest. No acts of mismanagement are specified, although it appears that defendant, with questionable wisdom, embarked on a policy of great expansion during the period of general business depression — indeed within the last year. I must assume that the federal courts carefully considered the circumstances and decided that the three men whom it named receivers were properly qualified for the office. With the action of the federal courts and with the situation thereby created, the vast majority of creditors and stockholders appear satisfied. At any rate, they have taken no appeal, so far as I am advised, and no one with a large stake in defendant has applied to the court of chancery for help.
Counsel for complainants also point out that the receivers appointed by the federal courts have no title to defendant's assets but are merely custodians; that in the event a reorganization of defendant becomes necessary, as they anticipate, the aid of chancery with its broad statutory powers will be of great assistance. This is perhaps true and for this reason the consolidated bill of complaint will not be dismissed. But no present need for the intervention of the court of chancery is shown, and therefore the motion for the statutory injunction and for the appointment of receivers will be denied with leave to renew should a change of circumstances make it appear that the interests of creditors and stockholders require action by this court. *Page 597