Rose Intiso, widow of Ciracio Intiso, filed her bill against his administrator and his three heirs (who were his sons and her step-sons) and against one Elizabeth Intiso. The bill has two branches. In one, it shows that, in Ciracio's lifetime, fearful of the loss of certain land which he owned, should a threatened suit be instituted and judgment go against him, he and the complainant conveyed the property to Elizabeth. No consideration was paid for the conveyance. The bill prays that the deed to Elizabeth be canceled, so that complainant may have dower. The bill also sets forth that some *Page 344 
of the personal estate of decedent has been appropriated or divided by the three sons, or some of them. The bill prays an accounting to determine the amount due to complainant. All the defendants answered. The answer of Dominic, who is one of the sons, concludes: "This defendant joins in the prayer of the complainant that the conveyance set forth in the bill of complaint be set aside and declared null and void."
Anthony Intiso, as administrator of Ciracio's estate, counter-claimed against his brother Dominic and the complainant. He alleges that his intestate owned bonds of the Home Owners Loan Corporation in the sum of $1,500; that Dominic has the bonds; that decedent also had large sums in money, some of which is in the possession of Dominic and some in the possession of complainant. He prays that they account. Dominic for answer to the counter-claim, says that the bonds were given to him by the decedent in his lifetime for the purpose of ensuring an education for Dominic's children, and that he holds the bonds in trust for his children. He admits also having received a small sum belonging to decedent and accounts for it. The widow, complainant, answered the counter-claim, denying that she had any money of deceased.
Before the case reached a hearing, complainant died. Anthony, as administrator, has filed a petition suggesting her death and praying an order that his suit on the counter-claim may proceed against the defendant Dominic. Dominic also comes forward with his petition that he be permitted "to prosecute the prayer contained in his answer herein to set aside the conveyance from Ciracio Intiso and his wife, to the said Elizabeth Intiso." No representative of Rose, or other person succeeding to her interest, has caused himself to be entered as complainant in the suit in her room.
On the death of Rose Intiso, the sole complainant, her suit abated. No representative of hers has revived the suit. The defendants cannot revive it. At most, a defendant is entitled to an order formally putting an end to the suit, unless the deceased complainant's representative revives it within time fixed by the court. 2 Danl. 1621; R.S. 2:26-22.1. Benson v. Wolverton,16 N.J. Eq. 110. The question on the administrator's *Page 345 
motion is whether his counter-claim is so dependent on the original bill, that the one cannot be prosecuted unless the other be revived. A counter-claim is our substitute for a cross bill. "A cross bill is a bill brought by the defendant against the plaintiff (and, if necessary, other parties) in another suit touching the same matter." Doremus v. Paterson, 70 N.J. Eq. 296; 71 N.J. Eq. 789. It is, in most respects, an auxiliary suit and a dependency upon the original suit. 2 Danl. 1647; Story Eq.Pl., § 389. Yet the suit on a cross bill can sometimes stand alone. Though the complainant in the original suit abandon it and dismiss his bill, or though his bill be dismissed on the merits, a cross bill for affirmative relief will be retained. Dawson v.Amey, 40 N.J. Eq. 494; Pennsylvania Railroad Co. v. NationalDocks Railway Co., 52 N.J. Eq. 555; Somerville Water Co. v.Somerville, 78 N.J. Eq. 199. And both Smart v. Floyer, Dick.260; 21 E.R. 268, and Woolsey v. Livingston, 5 Johns. Ch.265, indicate that a cross bill, if it shows in itself ground for equitable relief, may be maintained, or revived by the cross complainant, despite the abatement, and non-revivor of the bill in the original suit.
Counter-claims were introduced into our practice by the rules annexed to the Chancery Act of 1915. The prime purpose of that enactment was to make Chancery practice more flexible and convenient. A counter-claim is deemed to be a cross action. New parties may be brought in as defendants to the counter-claim who are not parties to the bill. The complainant need not be joined as a defendant to the counter-claim. Separate hearings may be had. Rules 28, 73 and 75. So much is the counter-claim a separate suit that it must itself set forth the facts relied upon as ground for relief and not depend on the original bill or other pleading. Christiansen v. Local 680, 126 N.J. Eq. 508.
I have no difficulty in deciding that the abatement of the original suit did not operate to abate the counter-claim and does not prevent prosecution of the counter-claim. Viewing Rose Intiso as one of the defendants to the counter-claim, while the cause of action against her survived, her death abated the suit on the counter-claim only so far as her interest *Page 346 
is concerned. 2 Danl. 1623. The causes of action against her representative and Dominic, are several, not joint. Rose's representative is not a necessary party to the suit as against Dominic. It was optional with counter-claimant to revive as against her representative and he has chosen not to do so. He may proceed as against Dominic. Story Eq. Pl., § 369. Chancery Rule62.
Now for Dominic's application. He is not a counter-claimant and his answer, despite his joining in the prayer of the bill, cannot be treated as a counter-claim. He is merely a defendant to the original bill; without such control as a complainant has over litigation. He cannot revive the suit on the bill and he cannot prosecute it without a revivor. His motion is denied. *Page 347