PRESIDENT, DIRECTORS AND COMPANY OF THE MICHIGAN STATE BANK *vs.* JOHN D. GARDNER & others.

A bill in equity, brought by a pledgee against a stranger to recover possession of the property pledged, which avers that the plaintiff's claim is sufficient to cover the property, and to which the pledgor is made a defendant, is not open to demurrer on the ground that he should have been joined as a plaintiff.

BILL IN EQUITY, filed on the 4th of June 1853, against John D. Gardner & Co., Fitz Henry DeWolf and Charles D. Gibson. The bill set forth a warehouse receipt, dated the 30th of September 1847, at Detroit, by which De Wolf agreed to hold two hundred and eleven barrels of flour (then owned by him) subject to the order of Gibson, and ship them by the first opportunity, consigned to Gibson or his assigns; attached to which receipt was a certificate, also signed by De Wolf, stating that he had drawn a draft of the same date on Gibson against this flour,

and stipulating that the receipt and certificate should remain attached to the draft, and should be evidence of a lien on the flour in favor of the holders of the draft, until payment, but reserving to Gibson the right to sell the flour, upon receiving it, holding the proceeds in trust for the holders of the draft. The bill then alleged that on the same day De Wolf drew a draft on Gibson, payable to his own order, and corresponding to the description in the certificate, and indorsed it to the plaintiffs, on their advancing him the amount thereof; and that the draft was protested at maturity for non-payment. And the bill set forth the subsequent giving by De Wolf of other similar receipts, for sixteen hundred and fifty barrels of flour, with like accompanying certificates and drafts, at different dates from the 19th of October to the 12th of November 1847, all of which drafts were protested at maturity for non-payment.

The bill then alleged the shipment and consignment by De Wolf of all the flour to Gibson at Boston; the receipt of it by Gibson, with notice of the plaintiff's liens, which were sufficient to cover the value of the flour; the receipt by Gibson, as agent of De Wolf, on the 1st of December 1847, of bills of lading for sixteen hundred and fifty six barrels of said flour, with authority to sell the same; the delivery of the same by Gibson, without the authority or assent of De Wolf or of the plaintiffs, to Gardner & Co. as security for a debt from Gibson to them; and that Gardner & Co. took the flour and sold it, and applied the proceeds to the satisfaction of their said debt.

The bill then alleged that the plaintiffs demanded the flour or the proceeds thereof of Gardner & Co., but they refused to deliver the same; that at November term 1848 of this court they commenced an action of trover in the name of De Wolf against Gardner & Co. to recover the value of the flour, and at March term 1850 obtained a verdict; that Gardner & Co. filed exceptions, on the ground that the action could not be maintained in the name of De Wolf, because the right of property and possession were not in him at the time of the alleged conversion; and these exceptions were sustained by the court at March term 1853; and the plaintiffs on the 28th of April

1853 again demanded of Gardner & Co. the flour or the proceeds thereof.

The bill prayed for an account of said sales and of the amount of the plaintiffs' lien, and for the payment thereof out of the proceeds, and that Gardner & Co. might be charged with interest, and for other relief.

Gardner demurred to the bill, for the reason that De Wolf, one of the defendants, was a necessary party plaintiff.

*S. Bartlett & G. G. Hubbard*, in support of the demurrer. All persons interested in the subject matter of a suit in equity should be made parties to the bill, either as plaintiffs or defendants. *Stevenson* v. *Austin*, 3 Met. 480. 1 Dan. Ch. Pract. 240. *Upham* v. *Brooks*, 2 Story R. 623. Parties having concurrent interests, such as *cestuis que trust*, though having unequal interests, or interests subordinate one to the other, should be joined as plaintiffs. Calvert on Parties, 218. 1 Dan. Ch. Pract. 267. The interest of De Wolf is of the same nature and kind with that of the plaintiffs; the legal title of the property being in the plaintiffs; and the beneficial interest in De Wolf, after payment of the plaintiffs' advances. *Gibson* v. *Stevens*, 8 How. 384. *De Wolf* v. *Gardner*, 12 Cush. 19.

The allegation of the bill, that the whole fund will be required to satisfy the earliest trust, cannot affect this question. The bill is not brought or framed to settle a conflict of rights between two sets of *cestuis que trust;* and if it were, it would be multifarious, as its principal scope is to vindicate the rights in the trust property against a stranger. No decree can be made, on this bill, which will conclude the rights of De Wolf against the plaintiffs. The whole purpose of making him a party is to protect the other defendants from another suit by him, and this shows that his relation to them is that of plaintiff. *Hobart* v. *Andrews*, 21 Pick. 531. And it appears by the bill that the flour in the hands of Gardner & Co. is but a part of that which was the subject of the contracts set forth in the bill; and the account between the plaintiffs and De Wolf cannot be settled without examining into the disposition of the remainder.

*E. Merwin*, for the plaintiffs.

THOMAS, J. This is a bill in equity, to which one of the defendants has filed a general demurrer, on the ground that De Wolf, who is made a party defendant, should have been made a party plaintiff.

The general doctrine in relation to parties in equity is often stated to be that all persons interested in the subject matter of the suit should be made plaintiffs or defendants. This statement is too broad. It would be more accurate to say, persons interested in the object of the suit must be made parties; that is, persons who are parties to the interest involved in the issue, and who must necessarily be affected by the decree. Mitf. Eq. Pl (1st Amer. ed.) 32, 133. 1 Dan. Ch. Pract. 240, 241 & note. Story Eq. Pl. § 72.

The precise question here is, whether De Wolf must be made a party plaintiff. It is said, he must be a party plaintiff, because his interest is of the same kind and nature as that of the Michigan State Bank. Now it is settled in the case of *De Wolf* v. *Gardner*, that the legal title to this property is in the bank. It is averred in the bill, and must be taken to be true on demurrer, that the interest of the plaintiffs in the property covers its entire value and the whole proceeds in the hands of the defendants. Such being the fact, De Wolf has no interest or right to enforce against the defendants, over and beyond that of the plaintiffs. Upon the facts stated in the bill, the entire property is in the plaintiffs.

But De Wolf may have an interest in the property, opposed to and in conflict with that claimed by the bank. He may deny the validity of the claim of the bank, in whole or in part; or insist that the proceeds of the flour in the hands of Gardner & Co. exceed his indebtedness to the plaintiffs. It may therefore well be that against De Wolf, as well as the other defendants, the plaintiffs would seek a decree that would conclude De Wolf, 1st, as to the validity of the transfer set forth in the bill; 2dly, fixing the amount of the indebtedness of De Wolf to the plaintiffs on the drafts; 3dly, fixing the amount of the proceeds of the flour in the hands of Gardner & Co.; 4thly, directing the application of the proceeds of the flour to the payment of such

indebtedness; or, 5thly, if a balance were found in the hands of Gardner & Co. directing the plaintiff to receive and pay over the ,ame to De Wolf. On all these questions, the interest of De Wolf is adverse to that of the plaintiffs, and he must be put in a situation in which he may contest and try them.

It seems to us, therefore, that De Wolf is well made a party defendant, and that the rights of all parties to the interest involved in the issue may be settled by appropriate decrees in a suit in which he is so made defendant.

*Demurrer overruled.*