CATHARINE FLETCHER

*v.*

NEWARK TELEPHONE COMPANY.

1. A corporation was organized to take over the business and assets of another older corporation, and contracted with the older corporation and its stockholders, in consideration of receiving such business and assets, to issue to each of the old stockholders certificates of stock in the new company upon surrender of those in the old, share for share. In a suit by a holder of a certificate of stock in the old company against the new company for specific performance of this agreement—*Held,* that the suit could be maintained by a single stockholder without making the old company or either of its stockholders parties defendant, or declaring that the suit was brought for the benefit of such of the old stockholders as might come in and be made parties.

. 2. The general language, often used in this connection, to the effect that all persons having an interest in the subject-matter of the suit should be made. parties, is not accurate. The true rule seems to be that all persons who are parties to the interest involved in the issue, and who must necessarily be affected by the decree, should be made parties.

3. Where a certain sum of money or other thing is due to a party, and no other person has any right or interest in that particular sum of money or thing, it is not necessary to make any other person a party to a suit to recover it, nor to declare that the suit is brought for the benefit of the complainant and other persons having similar claims, although there may be such other persons.

On demurrer to bill.

*Mr. George Biller*, for the demurrant.

*Mr. William P. Martin*, in support of the bill.

PITNEY, V. C.

The bill, though inartistically drawn and framed, states with sufficient clearness and precision the following facts:

That the complainant is the holder of seven hundred and thirty shares in the capital stock of the Newark Mutual Telephone Company, which was organized in the year 1895, and became possessed of certain contracts, franchises and properties, and that later on, owing to some doubt as to the strict legality of the organization of that company, the defendant, the Newark Telephone Company, was organized for the purpose of carrying on the same business which had been within the grasp of the Mutual company, and entered into "a certain agreement with the Newark Mutual Telephone Company, and with the stockholders thereof," whereby the defendant agreed to take and absorb the entire business of the Newark Mutual Telephone Company and its contracts with its subscribers for telephone service, and assume all of its contracts for such service, and its other contracts, franchises, properties &c., and also agreed

"to pay and deliver therefor to the stockholders of the said Mutual Tele phone Company the stock of the Newark Telephone Company, *share for share*, and issue the same to the stockholders of the said Mutual Telephone Company upon surrender of their certificates of stock in the said Newark Mutual Telephone Company to the defendant."

Fletcher *v.* Newark Telephone Co.

Though this language indicates a contract made by the defendant " with the stockholders" of the Newark Mutual Telephone Company, jointly or as a body, yet I construe it to mean not a joint contract, but a contract with each one of the stockholders of the old company severally in their individual capacity. The contract was to issue stock to the stockholders of the old company, *share for share,* upon the surrender of their certificates of stock, which I construe to mean their certificates of stock severally.   The contract could not well be made with the stockholders collectively or jointly for the exchange of certificates of stock with each individually.   Such was the construction put upon the language of the contract by counsel for demurrant in his argument.

The bill alleges, further, that the old company transferred, assigned, granted and set over unto the defendant all of its properties, contracts, rights, choses in action and other assets, and fully performed the agreement before mentioned; and that the defendant company has issued and exchanged its stock—which I construe to mean certificates of its capital stock—to and with the stockholders of the old company, share for share, with the exception of the seven hundred and thirty shares held by the complainant, and about one thousand in addition.   The total number of shares of capital stock issued is not stated, nor are the names of any other stockholders given.

It alleges a tender of the certificate of stock held by the complainant to the defendant, and a demand of the issue of stock to her prior to the filing of the bill.

The prayer is that the defendant may specifically perform its contract by issuing the certificate of stock to the complainant.

The demurrer is, generally, for want of equity, and especially for want of parties.

The ground of want of equity was not pressed at the argument, but reliance was had entirely upon the want of parties.

The contention was that all the stockholders of the old company must be made parties, either complainants or defendants; or that the complainant must sue on behalf of herself and all other stockholders who choose to come in.

4

I think that the point is not well taken, and not supported by the authorities cited.

The bill has only a faint resemblance to one where a suit is brought by creditors for a distribution of a fund held by defendant either in trust or otherwise for their benefit. In such case it is usually necessary to ascertain, first, the amount of the fund, and next, the total amount due the creditors or other *cestuis que trustent* among whom it is to be divided. Hence, such a suit must be brought for the benefit of all the creditors. That was the case in *Wetherbee* v. *Baker, 8 Stew. Eq. 501,* which was a suit by a creditor of a corporation against its stockholders to compel them to pay their subscriptions to its capital stock in order to create a fund out of which the complainant could be paid his debt.

Clearly, the complainant could get no preference by bringing his suit, but must share with all the creditors, and the amount to be contributed by the defendants was limited to the amount necessary to pay the outstanding debts, not exceeding, however, the amount of their unpaid subscriptions, so that it was necessary to determine the amount of outstanding debts and take an account of the other assets of the corporation, in order to ascertain how much should be contributed by the stockholders and what percentage should be paid to each creditor if the resultant fund should prove insufficient to pay in full. The language used by the learned judge (at *pp. 506, 507*) clearly does not reach and cover the case here in hand.

In *Cutler* v. *Tuttle, 4 C. E. Gr. 549,* Mr. Cutler bought property in trust for certain persons to be ascertained, and the complainant, Miss Tuttle, sued him, claiming that she was entitled to the whole of the property because she had furnished the whole of the purchase-money. On the other hand, Daniel L. Tuttle claimed that he was entitled to an interest in it and was one of the *cestuis que trustent.* It was held that Daniel L. Tuttle should have been made a party because his rights were liable to be affected by the decree. The language used (at *p. 555*) is this : " In the decision of the question upon which the suit must hinge, Daniel L. Tuttle's rights are involved and must be passed

upon by the court.   His interests, to a certain extent, are also
liable to be affected by the decree made in this suit."   And in
view of those facts the learned judge used the general expression
that " the rule requiring all persons interested in the subject of
the controversy to be made parties to the suit, grows out of the
constitution of a court of equity " &c.   The statement of the
interest which Daniel L. Tuttle had in it shows that he referred
to persons whose interest in the subject-matter would be affected
by the controversy.

So with the other case relied upon by the demurrant, *Heath
v. Ellis, 12 Cush. 601.*   There the bill was by a stockholder of
a corporation, and its object was to recover from certain defend-
ants the value of the assets of the corporation which had been
taken possession of by them and converted to their own use
under such circumstances as would compel them to account as
trustees to the stockholders of the corporation as *cestuis que
trustent,* and it was held that the suit must be brought in behalf
of the complainant and the other stockholders, and it was put on
the ground that it was a suit to enforce a trust for a class of
persons.   The learned judge said that it was a familiar rule of
equity pleading " that all persons having a common interest and
common object in the subject-matter of a bill ought to be made
parties, or if they are too numerous to render the joinder of all
of them practicable, the bill should be brought by some in behalf
of all, so that the rights of all may be duly adjudicated in the
final decree," and, of course, the ascertainment of the number of
shares of stock and how and by whom held, was necessary in
order to determine the rights of the parties.

The language there used—" all persons having a common in-
terest and common object in the subject-matter of a bill "—seems
to me to be a better general statement of the rule than to say
that " all persons having an interest in the subject-matter "
should be made parties.   But I think that neither of them is
strictly accurate, as was pointed out by Chancellor Zabriskie in
*Van Keuren v. McLaughlin, 6 C. E. Gr. 165,* where, in com-
menting upon somewhat similar language used by the court of
errors and appeals in the same case (at *p. 380*), he cites with ap-

proval the language of Mr. Justice Story (*Story Eq. Pl.* § *72*), that "it is not all persons who have an interest in the subject-matter of the suit, but in general those only who have an interest in the object of the suit, who are ordinarily required to be made parties;" and Mr. Calvert's language, in his *Treatise on Parties* (at *p. 10*), "the propriety of a person being made a party depends upon his interest, not in the subject-matter, but in the object of the suit."

A still better definition, perhaps, is that of Mr. Justice Thomas, in *Bank* v. *Gardner, 3 Gray 308,* thus: "The general doctrine in relation to parties in equity is often stated to be that all persons interested in the subject-matter of the suit should be made plaintiffs or defendants. This statement is too broad. It would be more accurate to say persons interested in the object of the suit must be made parties—that is, persons who are parties to the interest involved in the issue, and who must necessarily be affected by the decree."

Now the bill here is filed on behalf of an individual who has a contract with the defendant company to issue and deliver to her a certain fixed and definite number of shares of its capital stock. No other individual has any interest in that contract. No account of assets or shares need be taken. The contract was not that a certain number of shares should be delivered in bulk to the stockholders of the old company to be distributed among them. Such a transaction is unthinkable. Shares of stock are evidenced by certificates issued, and where such general language is used in the bill as "shares of stock," the context requires us to construe it as "certificates of shares of stock." The contract was to deliver to the complainant a certificate for seven hundred and thirty shares of stock in the defendant company.

The authorities are abundant for holding that where the sum of money or other thing due to the complainant is already ascertained, and no other person has any right or interest in that particular sum of money or thing so due, it is not necessary to make any other person a party. This distinction was referred to and recognized by Chancellor McGill, in *Speakman* v. *Tatem, 18 Stew. Eq. 388,* where he holds the result to be that the line

Fletcher v. Newark Telephone Co.

of cases referred to hold " that where one of several *cestuis que trustent*, entitled to a certain share of a certain sum, seeks to recover from the trustee his share of that sum, he need not make the owners of the remaining shares parties to the suit." He cites *Smith* v. *Snow, 3 Mad. 10 ; Hutchinson* v. *Townsend, 2 Keen 675 ; Perry* v. *Knott, 5 Beav. 293 ;* to which I add *Hares* v. *Stringer, 15 Beav. 206 ; Hughson* v. *Cookson, 3 Y. & C.* (*Exch. in Eq.*) *578 ; Lenaghan* v. *Smith, 16 L. J. Ch.* (*N. S.*) *376 (1847)*, Lord Cottenham ; *Marryatt* v. *Marryatt, 23 L. J. Eq.* (*N. S.*) *876 (1854)*, see top of *p. 878*. That was a bill by one *cestui que trust* against the trustees to administer the trusts of a will. A motion was made against the trustees to transfer into court certain shares of government stock. The motion was resisted by the trustees, on the ground that the persons beneficially interested in the property of the testator were not made parties to the suit and had not been served with notice of the motion. Vice-Chancellor Kindersley said : " If this had been a suit for the administration of trusts under a settlement instead of a will, perhaps these persons might have been proper parties ; but they are not so in a case like the present." There it is to be observed that the complainants had a certain share of a fund. The case goes further than those referred to by the chancellor in *Speakman* v. *Tatem.*

The other stockholders in this case may be interested in the principle of the decision in this cause, but they are not shown by the bill to be interested in the result of the cause itself.

The demurrer admits that the complainant is the holder of a certificate for seven hundred and thirty shares of the stock of the old company, and that the defendant promised to issue the same number of shares to her in the new company upon surrender of her certificate.

The present case is somewhat similar to that of *Swedesborough Church* v. *Shivers, 1 C. E. Gr. 453*, where a test suit was brought by the church to establish a rent-charge upon a particular piece of land which was part of a larger piece which had been conveyed by the church, reserving a rent-charge. Chancellor Green there says : " There is no want of proper parties. The bill seeks

Fletcher v. Newark Telephone Co.

to recover only the rent charged upon the land owned by the defendant. That is defined by strict metes and bounds. The right of no other landowner can be affected by the decree. The bill does not ask an apportionment of the rent among the different owners, nor seek to settle any question of boundary or conflicting right."

Nor can I perceive any ground for holding that the old corporation is a necessary party to the suit. The bill alleges that it has stripped itself of all its property and franchises by assignment and transfer to the defendant, and that the contract here sued upon was made directly with the complainant and the defendant. But if by the true construction of the contract, or if the proof should finally be that the contract was made between the two corporations, but for the benefit of the individual stockholders of the old company, I should still be inclined to the opinion that the old company was not a necessary party, and that each stockholder could sue individually for the stock due to him, basing this right upon the contract made by the old corporation for his or her benefit.

No relief is or can be, upon the facts, prayed against the old corporation, nor is it at all affected by the result of the suit. Presumably, its stockholders accepted the promise of the new company to issue certificates of stock to them severally as full satisfaction of all claims they held against the old company. And certainly, upon the statement of the facts contained in the bill, the performance of the defendant's contract with each of the old stockholders is a complete discharge of any claim the old company may have against the new company.

Upon the facts stated in the bill, I think that the complainant is entitled to specific performance of that agreement, and that the demurrer must be overruled.

I will advise a decree overruling the demurrer, with costs.