39 N.J. Super. 330 (1956)
121 A.2d 50
CHARLES B. THATCHER, JR., PLAINTIFF-APPELLANT,
v.
JERRY O'MAHONY, INCORPORATED, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1956.
Decided February 29, 1956.
*331 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Charles B. Thatcher, Jr., argued the cause pro se.
Mr. John B. O'Neill argued the cause for respondent (Messrs. Milton, McNulty & Augelli, attorneys; Mr. Charles J. Milton, of counsel).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
As observed in our former opinion, Thatcher v. Jerry O'Mahony, Inc., 37 N.J. Super. 139 (App. Div. 1955), where the background facts are set out, plaintiff, owner of 100 shares (or.000058) of defendant's common stock, initially filed his complaint in the Chancery Division seeking access to defendant's corporate books and records and *332 a judgment invalidating the action of a special meeting of stockholders ratifying a certain amended loan and stock option agreement under which new interests came into control of the corporation. The court dismissed the latter part of the complaint because of failure to join the beneficiaries under the agreement as necessary parties defendant, and transferred the remainder of the case to the Law Division. Plaintiff appealed from the dismissal of part of his complaint, and we dismissed the appeal as premature.
Defendant subsequently moved in the Law Division for an order striking the balance of plaintiff's complaint  that seeking access to the corporate books and records. It was defendant's contention, and plaintiff did not disagree, that plaintiff's right to inspection of defendant's records, if afforded by the court, would be a meaningless and wholly ineffectual relief when considered in the light of his primary demand, dismissed in the Chancery Division, to have the ratification by the stockholders' meeting set aside. The Law Division accordingly dismissed what was left of the complaint. The order of dismissal recites that defendant agreed that plaintiff had the statutory right of inspecting the stock book and transfer record, and denied that permission to inspect them had ever been refused; further, that plaintiff conceded that the only purpose of his application to inspect the corporate books and records was in connection with his demand for a judgment setting aside the stockholders' ratification of the amended loan agreement, and that such inspection was no longer germane to the protection of any right which he might have the power to enforce.
Plaintiff now appeals from the Chancery Division order dismissing the complaint insofar as it sought to void the stockholder approval of the amended loan and stock option agreement, and also from the Law Division order dismissing the remainder of the complaint demanding inspection of the corporate books and records. Counsel are in agreement that if the Chancery Division order is affirmed, then the Law Division order was proper, should be given full force and effect, and the matter terminated.
*333 The question for determination is whether, in the circumstances here present, the three beneficiaries of the agreement are necessary parties defendant to this action. Plaintiff has consistently refused to add them, and this despite the fact that he charges these beneficiaries, who were in control of defendant's board of directors at the time the agreement as amended was approved, and who remained in control thereafter, with fraud, concealment, dishonesty and breach of their fiduciary obligations, thereby causing a loss to the corporate defendant and securing a personal profit for themselves, impliedly in an amount between $125,000 and $140,000. Although the beneficiaries are all non-residents, defendant's counsel represented in the trial court as well as on the oral argument before us that if the complaint were amended to name these directors as parties defendant, an appearance would be entered on their behalf, but at the same time he would demand that security be posted under N.J.S.A. 14:3-15. Plaintiff concedes  in fact he has devoted several pages of his brief to listing authorities and arguments supporting the proposition  that persons who are to be affected by the judgment of a court must be made parties to the suit if the judgment is to be binding against them. The rule may more accurately be stated: all persons "interested in the object of the suit must be made parties  that is, persons who are parties to the interest involved in the issue, and who must necessarily be affected by the decree." Fletcher v. Newark Telephone Co., 55 N.J. Eq. 47, 52 (Ch. 1896), citing Michigan State Bank v. Gardner, 69 Mass. 305, 308, 3 Gray 305, 308 (Sup. Jud. Ct. 1855). However, plaintiff argues that the judgment he seeks would not in any way affect the rights or liabilities of the beneficiaries of the stock option contained in the amended loan agreement. He claims he merely wants to void the ratification of the amended loan agreement given by the stockholders at their special meeting of March 1, 1954. It may here be noted that the stock option was taken up prior to the filing of the complaint.
The matter is not as simple as plaintiff would have us believe. Despite his insistence that all he seeks is to void *334 the stockholders' ratification, what was implicit throughout the action is finally made crystal clear in the reply brief, where plaintiff states that the decision to set aside the ratification by the stockholders "would have an important effect on the adjudication of the question of invalidating the corporate stock option [sic  what is meant is the option contained in the amended loan agreement] if and when the latter action is instituted by plaintiff or any other stockholder." The reply brief goes on to say that
"* * * The rule seems clear that directors or officers of a corporation who are guilty of self-dealing but who have obtained effective stockholder ratification of the acts complained of have only to convince the court that in undertaking the acts complained of, said directors and officers were exercising effective business judgment. If, on the other hand, stockholder ratification had not been obtained, the applicable rule would call for the directors and officers to prove their utmost good faith and the most scrupulous inherent fairness of their bargain. Eliasberg v. Standard Oil Co., 23 N.J. Super. 431, 92 A.2d 862 (Ch. Div. 1952), affirmed 12 N.J. 467, 97 A.2d 437 (Sup. Ct. 1953); Gottlieb v. Heyden Chemical Corp., [32 Del. Ch. 231] 83 A.2d 595 (Del. Ch. 1951); Fletcher, Cyclopedia Corporations (perm. ed.), sec. 913, 916 and 921. The varying rule depending upon the existence or not of effective stockholder ratification makes the significance of the plaintiff's instant cause of action apparent and effectively eliminates any possible suggestion that a judgment entered in accordance therewith could be construed as `abstract, hypothetical or moot.'"
And compare Hill Dredging Corp. v. Risley, 18 N.J. 501, 530 et seq. (1955), where the cases are reviewed; Riddle v. Mary A. Riddle Co., 142 N.J. Eq. 147, 150 et seq. (Ch. 1948); United States Steel Corp. v. Hodge, 64 N.J. Eq. 807, 814 et seq. (E. & A. 1903).
Thus, in resisting defendant's contention that plaintiff is bringing an action for the determination of a hypothetical or moot question with which a court ought not to be concerned, plaintiff contends that his action involves more than a hypothetical question, since if he is successful in invalidating the stockholder ratification of the amended loan agreement, it will subsequently become more difficult, in an action to be brought to invalidate the stock option itself contained in the amended loan agreement, for the beneficiary directors whose *335 actions are complained of to prove their good faith and the fairness of the bargain, and thus protect the executed stock option from defeat.
This suit is obviously the first round in a controversy having as its ultimate object the cancellation of the amended loan agreement. The invalidation of the stockholders' ratification of this agreement will result in weakening the position of the three individual stockholders and directors not made defendants in this case, when plaintiff eventually brings his action to invalidate their stock purchases. Clearly, no one has a greater interest in the object of the present action, aside from plaintiff, than the corporate defendant and the directors who were beneficiaries under the agreement. Judgment in plaintiff's favor will affect these individuals adversely, even though indirectly. Under the circumstances, it is completely unrealistic to assert that they have no such interest in the present action as requires that they be made parties.
Plaintiff's position is vulnerable for another reason, for it offends the policy which has attended our system of judicial administration since its inception in 1948, against subdividing a single controversy by resort to fractional litigation. The efficient functioning of our courts cannot abide such an evil. The fundamental objective of the procedural reform brought about by our rules of court is to avoid the delays and wasteful expense of a multiplicity of litigation resulting from the splitting up of a controversy. The prime aim of the new practice is the just and expeditious determination in a single action, wherever possible, of the ultimate merits of an entire controversy between litigants. See Ajamian v. Schlanger, 14 N.J. 483, 485 (1954); New Jersey Highway Authority v. Renner, 18 N.J. 485, 492 (1955); Massari v. Einsiedler, 6 N.J. 303, 307 et seq. (1951); Silverstein v. Abco Vending Service, 37 N.J. Super. 439, 449 (App. Div. 1955); Schnitzer, Civil Practice and Procedure, 10 Rutgers L. Rev. 351, 371 (1955); Id., 9 Rutgers L. Rev. 307, 334 (1954).
We cannot, therefore, permit a procedure wherein plaintiff may bring one action for the limited purpose of invalidating *336 stockholder ratification of the amended loan agreement, without the presence of the stock purchasers under that agreement as parties, and then have plaintiff institute a completely new action, with the purchasers as defendants, where most of the questions, if not all, would have to be retried because of their absence from the first proceeding.
Affirmed.