**CONTINENTAL OIL COMPANY,**
**Appellant,**

v.

**P. P. G. INDUSTRIES, Appellee.**

**No. 16241.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 27, 1973.

Rehearing Denied Jan. 17, 1974.

**618**

Vinson, Elkins, Searls, Connally & Smith, John C. Snodgrass, Harry M. Reasoner, John E. Kennedy, John L. Carter, Houston, Liskow & Lewis, Austin W. Lewis, Gene W. Lafitte, James B. St. John, Jr., New Orleans, La., for appellant; Gus M. Hodges, Austin, Keith W. Blinn, John M. Berlinger, Joseph C. Johnson, Van Langley, Houston, of counsel.

Andrews, Kurth, Campbell & Jones, Raymond A. Cook, Alfred H. Ebert, V. Camp Cuthrell, III, Thomas L. Schubert, Houston, Stockwell, St. Dizier, Sievert & Viccellio, Oliver P. Stockwell, Fred H. Sievert, of Lake Charles, La., for appellee; David A. Cort, Richard C. Packard, of Pittsburgh, Pa., of counsel.

COLEMAN, Chief Justice.

This is an appeal from an order of dismissal based on forum non conveniens, and the discretionary power of a trial judge to refuse to hear a petition for declaratory judgment.

Continental Oil Company filed suit for declaratory judgment against Olin Corporation and P.P.G. Industries, Inc. in the District Court of Harris County, Texas, seeking relief from contractual obligations to deliver natural gas. Continental operates a natural gas pipeline system in the State of Louisiana. Olin and P.P.G., together with Firestone Tire and Rubber Co., Dow Chemical Company, and Big Three Industries, Inc., are commercial customers of the system, each having a long term contract calling for the delivery of gas. Continental claims that because of its inability to obtain sufficient gas, it is, under the applicable law and its contracts, partially excused from liability under such contracts; that it will be unable to continue delivering the full amounts of natural gas called for by the contract and is equitably required to allocate the available gas among these customers.

After this case was filed Olin filed a suit on the contract in a Louisiana State court. The Louisiana court stayed the proceeding in deference to the previously filed Texas case. P.P.G. also filed suit on the contract in Louisiana. To protect its jurisdiction, the Texas trial court enjoined P.P.G. from proceeding in the Louisiana court, and his action in so doing was affirmed by this court. P.P.G. Industries, Inc. v. Continental Oil Co., 492 S.W.2d 297 (Tex.Civ.App.—Houston [1st Dist.] 1973,

writ ref., n. r. e.). P.P.G. also filed suit in the United States District Court for the Western District of Louisiana. That court stayed the proceedings before it in deference to pending Texas action.

On January 3, 1973, the trial court severed Olin over the objection of Continental. Thereafter Continental joined Firestone, Big Three and Dow, and sought a rehearing on the Olin severance. The motion for rehearing was denied and the Supreme Court of Texas denied Continental's motion for leave to file a petition for writ of mandamus contending that the trial court abused its discretion in severing Olin.

Some ten months after the filing of this case, P.P.G. filed its plea in abatement. On April 30, 1973, Olin filed its plea. P. P.G. moved for a severance of the cause of action asserted against it. Dow and Firestone opposed the motion to sever and moved to reconsolidate Olin. A joint trial on the pleas in abatement and the motion for severance was held although the proceedings were not consolidated. The trial court entered orders staying both the P.P.G. case and the Olin case. It granted P.P.G.'s motion for severance, overruled the motions of Dow and Firestone to consolidate. On the objection of Continental that the order of stay was not a proper order to enter on a forum non conveniens theory and would deprive Continental of an appeal, the trial court, in the interest of justice, dismissed the causes involving Olin and P.P.G. This appeal resulted.

Continental has attacked both the dismissal and the stay orders asserting that as a matter of law a foreign corporation having a permit to do business in Texas cannot be denied a trial on a theory of forum non conveniens and that there is insufficient evidence to support either a stay or a dismissal for such reason.

In H. Rouw Co. v. Railway Express Agency, 154 S.W.2d 143 (Tex.Civ.App.— El Paso 1941, writ ref), the court considered a cause of action based on tort instituted by a foreign corporation having a permit to do business in this state against another foreign corporation. The transactions out of which the cause of action accrued all occurred outside the State of Texas. The trial court sustained a motion to dismiss alleging that the court in its discretion should refuse to exercise its jurisdiction because (a) of the expense to be incurred by the state and county; (b) the inconvenience to the state; and (c) the financial burden entailed to the defendant to try the case in Texas rather than in Arkansas. In its opinion the court said:

> "The statute, Art. 1532, R.C.S. (Vernon's) 1925, expressly confers upon foreign corporations doing business under a permit all the rights and privileges of a domestic corporation. In the absence of any other provision this alone would be sufficient to bestow the right to bring, maintain and prosecute to final conclusion this suit. Art. 1320, § 2, Vernon's Civil Statutes, 1925, expressly confers the power, 'To maintain and defend judicial proceedings.' No argument is needed to establish the right of a domestic corporation to maintian a suit such as this against either another domestic corporation or one doing business under a permit. Any other rule would be intolerable.

> " . . . .

> "The District Court, under the law, has jurisdiction of this case. The statutes, supra, make the exercise of that jurisdiction obligatory."

The court was construing Art. 1320(2), Vernon's Ann.Civ.St. (Repealed Acts 1961 57th Leg., p. 458, Ch. 229 § 1), then applied to foreign corporations by virtue of Art. 1532, V.A.C.S. (Repealed, ibid.).

Art. 1532 provided: "Such corporations, on obtaining such permit, shall have and enjoy all the rights and privileges conferred by the laws of this State on corporations organized under the laws of this State."

Art. 1320 provided:

"Every private corporation as such has power:

". . . .

"2. To maintain and defend judicial proceedings."

These provisions were carried forward into the Texas Business Corporation Act. Art. 8.02 V.A.T.S. provides:

"A foreign corporation which shall have received a certificate of authority under this Act shall, . . ., enjoy the same, but no greater, rights and privileges as a domestic corporation organized for the purposes set forth in the application pursuant to which such certificate of authority is issued; . . ."

Art. 2.02 provides: "A. . . . each corporation shall have power:

"1. . . .

"2. To sue and be sued, complain and defend, in its corporate name."

While the language found in these sections of the Texas Business Code differs somewhat from that of the statutes superseded, these changes cannot be considered to have weakened the authority of *Rouw*. The court based its decision on the fact that the foreign corporation doing business under a permit had "all the rights and privileges of a domestic corporation." The court also pointed out in *Rouw* that the defendant was also a corporation with a permit "enjoying, in the language of the statute, all the rights and privileges of a domestic corporation." It characterized the result of the rule it was announcing in these words:

". . . We are not unaware of the practical results that may follow a precedent or law that permits a foreign corporation with a permit to do business to come *indiscriminately and at will* and bring its suits against another *similarly situated* regardless of where the cause of action arose. It is an invitation to all to come for reasons of convenience or for advantages, real or imaginary, and is calculated to . . . make slower the already too slow process of securing the adjudication of legal rights and the settlement of legal controversies between litigants who have no choice, but must resort to Texas Courts . . . ." (emphasis added).

We consider that the court in *Rouw* held that a foreign corporation having a permit to do business in Texas has a statutory right to sue in the Texas courts another foreign corporation having a permit to do business in Texas, and that such courts have no discretion to exercise in the matter of retaining the jurisdiction acquired, and are required to try such a case just as such courts would be required to try a case brought against a Texas corporation by another Texas corporation, or by a citizen of Texas against another Texas citizen, regardless of where the cause of action might have arisen. By refusing a writ of error in *Rouw* the Supreme Court has determined that the judgment of the Court of Civil Appeals is correct and the principles of law declared in the opinion are correctly determined. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561 (1937).

In Flaiz v. Moore, 359 S.W.2d 872 (Tex.1962), the Supreme Court said that the doctrine of forum non conveniens is invoked by a contention that the court should not exercise jurisdiction in an action based on a foreign tort either because the parties are nonresidents or because the applicable substantive law differs from the law of the forum. The court said that these are distinct and unrelated grounds, and that "the dissimilarity problem when raised usually involves the relatively narrow inquiry as to whether the foreign law is so different from the Texas law as to be difficult or incapable of administration and enforcement by our courts."

Both of these problems are raised in this case. The dismissal of the case

cannot be sustained on the basis that the corporations are nonresidents. H. Rouw Co. v. Railway Express Agency, supra.

Neither can the judgment be sustained on the basis of a dissimilarity between the law of the State of Louisiana and the law of Texas insofar as they relate to the contract in question. The question of which law governs this case is a disputed issue which cannot be determined on the record before this court. If it be assumed that the law of Louisiana is controlling, we cannot say on the basis of the record before us that is so different from the Texas law as to be difficult or incapable of administration and enforcement by our courts. While certain aspects of the law of Louisiana have been referred to in pleading and argument, the trial court was not requested to take judicial knowledge of particular laws, nor was expert opinion evidence produced at the hearing to sustain a finding that such laws would be difficult or incapable of administration and enforcement by our courts. Texas courts not infrequently apply Louisiana law. See, e. g., Hatchett v. Williams, 437 S.W.2d 334 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref. n. r. e.), cert. denied, 396 U.S. 963, 90 S.Ct. 437, 24 L.Ed.2d 427 (1969); Texarkana Pipe Works v. Caddo Oil & Refining Co., 252 S.W. 813 (Tex.Civ. App.—Texarkana 1923).

While the court pointed out in Flaiz v. Moore, supra, that it was not deciding either the extent to which the forum non conveniens principle is recognized in Texas, or where the burden of proof lies when the doctrine is properly invoked, it did state that when the absence of party contacts with the forum is relied on it must be raised at a time and in a manner that will give the parties an opportunity to present evidence on the question.

In McDonald, Texas Civil Practice (1950), Vol. 3, § 10.13, we find this statement:

"Evidence must be heard in order to determine most dilatory pleas, since one may properly be sustained without supporting proof only when the court can see from the plaintiff's pleading that it is well taken. The burden is upon the defendant to establish by a preponderance of the evidence the fact propositions which demonstrate that the asserted ground exists at the time of the hearing. Either party, by proper demand and payment of the fee, may insist that a jury be employed to determine the disputed issue of fact. . ."

In 29 Am.Jur.2d, Evidence, § 128, it is stated:

"The party upon whom the ultimate burden of proof lies is determined by the pleadings, not by who is plaintiff or defendant. Whether this burden rests with the plaintiff or the defendant may be determined by ascertaining which party, without evidence, would be compelled to submit to an adverse judgment on the pleadings. . . ."

In McKnight v. Washington Nat. Ins. Co., 131 S.W.2d 1072 (Tex.Civ.App.—Dallas 1939), involving a plea in abatement wherein it was alleged that a claim for an attorney's fee was not made in good faith, but solely for the purpose of conferring jurisdiction, the court held that allegations were not sufficient and that proof of the facts alleged was required.

A suit may not be abated by reason of the pendency of a prior suit unless the facts authorizing such action "are seasonably alleged and proved." Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1072 (1926).

In Custom Textiles, Inc. v. Crown Sample Book, 472 S.W.2d 848 (Tex.Civ.App.—Waco 1971, writ ref., n. r. e.), it was held that the burden of proof on motions to dismiss on the ground of forum non conveniens is on the defendant. In this case the court noted: "All proof in this case was by affidavit, which were not objected to, and which we assume constituted evidence."

It has been stated that "in the trial of interlocutory and administrative matters which are passed upon by the judge, no jury being demandable, affidavits may be used and customarily are used as evidence of the facts (not appearing on record or judicially known) upon which the judge's action is to be predicated." McCormick and Ray, Texas Law of Evidence (2nd Ed.), Vol. 1, § 787, p. 571. The use of affidavits is authorized by statute or rule in certain actions, e. g., temporary injunctions and summary judgments.

■ This plea in abatement, or motion to dismiss, does not fall within either such classification. A party has been held entitled to a jury trial on the issue of value of property raised by a plea to the jurisdiction of the court. Ball v. Beaty, 223 S.W. 552 (Tex.Civ.App.—San Antonio 1917). On a motion to dismiss a divorce case by reason of the death of one of the parties, it was held that a party had the right to a trial by jury on the issue of reasonable attorney's fees earned prior to the death. Gunther v. Gunther, 301 S.W.2d 207 (Tex.Civ.App.—Dallas 1957, writ dism'd). A right to a jury trial exists in proceedings under the Declaratory Judgment Act. Hatten v. City of Houston, 373 S.W.2d 525 (Tex.Civ.App.—Houston 1963, error ref., n. r. e.).

■ The defendant in this case had the burden of alleging and proving facts which would authorize the dismissal of this case on the theory of forum non conveniens. Had the evidence raised issues of fact, such issues properly could have been submitted to a jury. Under such conditions the required proof cannot be supplied by affidavit. Such affidavits are hearsay and have no probative value.

■ The trial court admitted into evidence the official reporter's transcript of testimony heard at a previous trial in this case on the issue of the issuance of a temporary injunction. This was error. There was no showing that the former trial was on substantially the same issues, or that the witnesses at such trial were unavailable to testify. White v. Natural Gas Pipeline Company of America, 444 S.W.2d 298 (Tex.1969); Houston Fire & Casualty Co. v. Brittian, 402 S.W.2d 509 (Tex.1966).

■ Neither the trial court nor this court may judicially notice the testimony taken at the hearing on the temporary injunction. Ex Parte Turner, 478 S.W.2d 256 (Tex.Civ.App.—Houston [1st Dist.] 1972); Amco Mesh & Wire Co. v. Stewart, 474 S.W.2d 740 (Tex.Civ.App.—Houston [1st Dist.] 1971); Grayson v. Rodermund, 135 S.W.2d 178 (Tex.Civ.App.—Austin 1939); Federal Underwriters Exchange v. Hinkle, 187 S.W.2d 122 (Tex.Civ.App.—Ft. Worth 1945, writ ref., w. m.); Zarate v. Unknown Heirs of Zarate, 204 S.W. 697 (Ct.Civ.App. of Tex.—San Antonio 1918).

■ The only evidence introduced at the hearing on this motion, other than the affidavits and the transcript of the testimony taken at the injunction hearing, tended to prove that the testimony of Louisiana witnesses would be needed at the trial on the merits. The evidence failed to establish facts which would support the judgment dismissing the suit on the basis of forum non conveniens. Van Winkle-Hooker Company v. Rice, 448 S.W.2d 824 (Tex. Civ.App.—Dallas 1969).

■ P.P.G. submits that the judgment can and should be affirmed on the basis that the dismissal was entered pursuant to the discretion lodged in the trial court to refuse to entertain actions for declaratory judgments. This action is governed by the Uniform Declaratory Judgments Act, Art. 2524–1, V.A.C.S.

Section 1 grants jurisdiction to the courts to declare rights, status, and legal relations in situations where the jurisdiction did not previously exist. Section 2 seems to grant to any interested person the right to seek from the court the determination of questions of construction arising

under contracts and to obtain a declaration of legal relations thereunder. Sections 5 and 6 apparently restrict the right granted by a requirement that the decree operate to terminate the controversy or to remove uncertainties giving rise to the proceeding. No other provision appears in the Act authorizing the trial court to refuse to entertain an action for a declaratory judgment.

P.P.G. contends that a rule giving trial courts a somewhat wider discretion to refuse to entertain actions for declaratory judgments than that stated in Section 6 is supported by the weight of authority in other jurisdictions and cites numerous cases in support of this statement. The first case cited, State Farm Mutual Automobile Insurance Company v. Morris, 29 Ill.App. 2d 451, 173 N.E.2d 590 (1961), was based on a statute providing that the court "may", in cases of actual controversy, make binding declarations of rights. The second case, State ex rel. United States Fire Insurance Company v. Terte, 351 Mo. 1089, 176 S.W.2d 25 (1943), held that a court had judicial discretion to stay relief in a suit for declaratory judgment where another action was pending between the same parties on the same issues, even though the other action was subsequently filed. While we have found no Texas case directly in point, the rule cited in several Texas cases is that found in Texas Liquor Control Board v. Canyon Creek Land Corp., 456 S.W.2d 891 (Tex.1970), reading:

> ". . . As a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action. . ."

Other cases were cited holding that declaratory judgments should not be granted where a more appropriate remedy is available; where the purpose of the suit was to adjudicate in advance the validity of a possible defense; where such judgments should not be granted for reasons of public policy, such as imposition on the jurisdiction to obtain "futile or premature interventions." Greenberg v. Blumberg, 416 Pa. 226, 206 A.2d 16 (1965); Rego Industries, Inc. v. American Modern Metals Corp., 91 N.J.Super. 447, 221 A.2d 35 (1966); Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N.W.2d 257 (1966).

In Firemen's Ins. Co. of Newark, New Jersey v. Burch, 442 S.W.2d 331 (Tex. 1968), the court approved the statement that the Declaratory Judgment Act gives the court no power to pass upon hypothetical or contingent situations, or determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication. The court held that whether the insurance company was bound to defend a pending case was a justiciable question properly raised by suit for declaratory judgment, but that the question of whether the insurance company would be liable in the event of a judgment was rendered for the plaintiff in the pending suit was not within the jurisdiction of the court. The court quoted from Prashker v. United States Guarantee Company, 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956), with seeming approval this statement: "The courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court, and where the existence of a 'controversy' is dependent upon the happening of future events. . ."

"In California Products, Inc. v. Puretex Lemon Justice, Inc., 160 Tex. 586, 334 S.W. 2d 780 (1960), the Texas Supreme Court has quoted with approval from Southern Traffic Bureau v. Thompson, 232 S.W.2d 742, 751 (Tex.Civ.App.1950, ref. n. r. e.), this paragraph:

> " ' "It is further a well established rule that a declaratory judgment should not be based upon facts which are particularly subject to mutation and change as are

the facts here. Anderson on Declaratory Judgments, p. 195, § 72." ' "

"See also United Services Life Insurance Company v. Delaney, 396 S.W.2d 855 (Tex. 1965)."

In Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722 (1955), the court said:

> "The expressions 'advisory opinion' and 'justiciable controversy' as here used refer to the requirements, which undoubtedly exist as prerequisite to the declaratory judgment process, that (a) there shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought. . .
>
> " . . . .
>
> " . . . Even assuming the actual prayer for 'other relief, general and special' to be without significance, the argument is yet in the very teeth of Secs. 1 and 8 of art. 2524–1, supra, and, indeed, of the main purpose of declaratory judgments, which is to permit of settling actual controversies by appropriate judicial declaration, without necessarily invoking 'traditional relief', such as injunction or other writs, damages and the like. . . . The lack of a prayer for traditional types of relief does not of itself even suggest absence of the essential requirements of a real controversy, determinable by the suit."

The liberality with which the Declaratory Judgment Act has been applied by the Supreme Court of Texas, and the danger inherent in the action of a trial court in refusing to exercise its jurisdiction to render a declaratory judgment, is demonstrated by the case of Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579 (1955), where the court sustained an assignment of error that the trial court failed or refused to define the word "issue" used in a will. The court said:

> " . . . In this case there was a present justiciable controversy with respect to the nature of the estate devised by paragraph four to Alvin Koonsman, and we think a liberal interpretation of the Act entitled the parties to have the remaining language of the paragraph construed in order to prevent a multiplicity of suits, even though an actual justiciable issue with respect to the remaining language has not arisen and may never arise. . . "

It has been held that the Declaratory Judgment Act cannot be invoked as an affirmative ground of recovery to revise, alter, or reform rights, status, or legal relations, since the purpose stated in the statute is to declare *existing* rights, status, or other legal relations. Emmco Insurance Company v. Burrows, 419 S.W.2d 665 (Tex.Civ.App.—Tyler 1967).

Continental says that it does not have, and cannot obtain, sufficient natural gas to fulfill all of its contractual obligations to deliver gas. It contends that under the law of Texas and Louisiana, and under the terms of its contracts with its customers, it is partially relieved of liability for its failure to perform, and that it is entitled to allocate its supply of gas among its customers. A present justiciable controversy is alleged. It may develop at the trial that the matters presented are purely hypothetical and contingent, in which event the trial court would lack power to grant the relief sought. In the absence of a full development of the facts, we are unwilling to hold that the trial court lacks jurisdiction to entertain the suit. The judgment dismissing the suit cannot be sustained on the basis that the trial court reasonably exercised a discretion vested in him by the Declaratory Judgment Act.

■ Continental sued for a declaratory judgment establishing its rights and liabilities under its contracts with Olin, P.P.G., Firestone, Dow and Big Three. It has alleged facts which it contends entitle it to a decree allocating its available gas supply among these parties. While it did not specifically pray for such relief, it would ap-

pear to be authorized under Section 8, Art. 2524-1, V.A.C.S. It alleges that as of the date of filing of the petition, it is able to supply the requirements of these parties, but that by the winter of 1973-1974 their demands will exceed the available supply of gas. It alleges that it has attempted to obtain authorization from the Federal Power Commission to attach offshore supplies of gas owned by it from the federal domain to meet the requirements of its own refinery, which would free a certain amount of gas for sale to customers, but that "to date" the Federal Power Commission has withheld such permission. It alleges that it is attempting to purchase gas at prices much higher than its contract prices, but that it has been able to purchase little additional gas. It contends that because of the much higher cost of gas caused by a world-wide shortage it is commercially impracticable for it to obtain sufficient supplies of gas to supply the contracts and that this partially excuses its failure to perform.

If the proof at the trial should establish a present right to allocate, such an order could not be entered in the absence of Olin, Dow, Firestone and Big Three. Rule 39(b), Texas Rules of Civil Procedure, provides:

> "When persons who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them made parties. . . "

A reasonable construction of Continental's pleadings leads to the conclusion that it seeks as ancillary relief an allocation order. Section 8, Article 2524-1, V.A.C.S., authorizes ancillary relief as to parties whose rights have been adjudicated by the declaratory judgment. The right to an order allocating the available gas would depend on the facts developed at the trial, but all parties to be affected thereby, who are subject to the jurisdiction of the court, would be insistible, though not indispensable, parties. The trial court erred in entering the orders of severance. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.1966).

The refusal of the Supreme Court of Texas to grant Continental leave to file its petition for mandamus seeking an order requiring the trial court to set aside its orders of severance cannot be interpreted as an approval of the action of the trial court since any error in making such an order can be assigned on appeal. City of Farmers Branch v. Hawnco, Inc., 435 S.W.2d 288 (Tex.Civ.App.—Dallas 1968, writ ref., n. r. e.). See also Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677 (1956).

On authority of H. Rouw Co. v. Railway Express Agency, supra, we hold that the trial court also erred in granting a stay of the proceedings in this case. The order granting the stay is set aside. The judgment dismissing the case is reversed, and the cause is remanded to the trial court.